UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 05-61760-CIV-COHN/SNOW

CARL FELDMAN, et al.,

    Plaintiffs,
vs.

Major General (Ret.) MICHAEL W. DAVIDSON,
et al.,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SANCTIONS

THIS CAUSE is before the Court upon Defendants Major General (Ret.) Bruce M. Lawlor and Centuria Corporation's ("Centuria Defendants") Motion to Reopen March 14, 2007 Final Order of Dismissal, For Sanctions Against Anthony Fareri for Committing Fraud Upon the Court and For Entry of an Order to Show Cause directed to Jan Douglas Atlas, Esq. and Adorno and Yoss [171] ("Motion for Sanctions").[1]  The Court has carefully considered the Motion for Sanctions, non-party Anthony Fareri's ("Fareri") Response [DE 186], and the Centuria Defendants' Reply [DE 188].  The Court has also considered Defendants' prior Motions for Sanctions Pursuant to the Private Securities Litigation Reform Act  [DEs 90, 96, 97] (collectively referred to as the "PSLRA Motions"); Plaintiffs' Response to the PSLRA Motions [DE 104]; Defendants' Replies [DEs 108, 112]; the Centuria Defendants' Supplemental Brief [DE 125]; the PSLRA Motions, Responses and Replies concerning Plaintiff's Motion for Reconsideration [DEs

---

[1] Defendant Major General (Ret.) Michael W. Davidson ("Davidson") joined in the Motion for Sanctions [DE 176].

113, 114[2],116,117]; oral argument heard by the undersigned on November 14, 2006; and is otherwise fully advised in the premises.

## I. BACKGROUND

To the extent possible, the Court refrains from restating the past activities in this case and focuses solely on the various motions for sanctions. The PSLRA Motions were filed after the Court granted Defendants' Motion to Dismiss [DE 86]. However, Plaintiffs filed a Response to Order to Show Cause, Motion for Reconsideration, and Motion for Leave to Amend Complaint [DE 88] ("Motion for Reconsideration"). A second round of sanctions motions were filed pertaining to the Motion for Reconsideration [DEs 113, 114,116,117]. Oral argument was heard on all of the motions for sanctions on November 14, 2006. Thereafter, the Court granted in part the Motion for Reconsideration and allowed Plaintiffs to amend certain causes of action. (Order Granting In Part Motion for Reconsideration and Motion for Leave to Amend, DE 127.) Therefore, there was no final adjudication and the Court denied the PSLRA Motions as premature. (Order Denying PSLRA Motions, DE 128.) The Court stated that "Defendants need not renew the Motions upon final adjudication of the above-captioned matter. However, all parties will have ten days from the date of final adjudication to supplement the information already before this Court regarding sanctions." (Id. at p. 3.)

On January 7, 2007, it came to the Court's attention that Plaintiffs were not receiving notice of the Court's Orders and the Court extended deadlines and informed Plaintiffs that:

---

[2] DE 114 and DE 115 appear to be identical. Therefore the Court refers only to DE 114.

> If Plaintiffs elect not to file an amended Complaint, they must notify the Court, in writing, if they intend to proceed with the remaining counts in this action as set forth in the initial Complaint and with a trial as to damages owed by Defendant Secure Solutions Holding, Inc. Plaintiffs failure to file an amended Complaint or otherwise inform the Court of their intent to proceed, shall result in the dismissal of all remaining counts without prejudice and the closing of this case.

(Order Resetting Response Deadlines, Order Vacating Order of Dismissal, DE 136.) After Plaintiffs failed to notify the Court or file an Amended Complaint, on March 14, 2007, the Court entered a Final Order of Dismissal [DE 154] dismissing the remaining claims without prejudice. (Final Order of Dismissal, DE 154.) The Court provided all parties until March 28, 2007 to supplement the PSLRA Motions. (Id. at p. 2.) The parties failed to supplement the PSLRA Motions by the deadline and as a result, the Court did not make Rule 11 findings pursuant to the Private Securities Litigation Reform Act ("PSLRA") codified at 15 U.S.C. §§ 78z-1 and 78u-4.

On December 4, 2007 the present Motion for Sanctions was filed.[3] The Motion for Sanctions seeks to supplement the prior PSLRA Motions and provide additional grounds for sanctioning Fareri, Attorney Atlas and Adorno & Yoss.[4] (Motion for Sanctions, DE 171, p. 20 - 26.)

---

[3] The Motion for Sanctions requested that the Court reopen this action. The Court granted the Motion for Sanctions to the extent that the Court directed Fareri to file a Response. (Order Granting in Part, DE 177.)

[4] The Court previously stated that "[i]n light of the Court's Order Granting in Part Motions to Dismiss and for Sanctions in Pafumi, et al. v. Davidson,et al, Case No. 05-61679, DE 266, Jan Douglas Atlas, Esq. and Adorno & Yoss are not required to file a response to the Motion for Sanctions." (Order Granting in Part, DE 177.) The Court adopts the findings of the Pafumi Order [DE 266] regarding Attorney Atlas and Adorno & Yoss and addresses the allegations in the Motion for Sanctions only as a supplement.

## II. ANALYSIS

### A. Sanctions Pursuant to the Court's Inherent Powers

The Court has the discretion to fashion appropriate sanctions for conduct which abuses the judicial process. Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991). In fashioning appropriate sanctions, the Court has the inherent power to impose sanctions on parties, lawyers or both. In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir. 2006). Attorneys' fees and costs may be assessed against the client or the attorney, or both "when either has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Byrne v. Nezhat, 261 F.3d 1075, 1106 (11th Cir. 2001).

The court's inherent power to sanction includes sanctioning non-parties for bad faith conduct. See generally, Chambers, 501 U.S. at 41. However, additional safeguards may be warranted when a non-party is being sanctioned. For example, a non-party must "(1) have a substantial interest in the outcome of the litigation and (2) substantially participate in the proceedings in which he interfered." Helmac Products Corp v. Roth (Plastics) Corp., 150 F.R.D. 563, 568 (E.D. Mich. 1993).

#### 1. Sanctions Against Non-Party Anthony Fareri

Defendants seek to sanction Fareri, a non-party, because he "as the attorney-in-fact for the Plaintiffs pursuant to powers of attorney, together with Douglas Zemsky ("Zemsky"), Paul Harary ("Harary"), Jan Atlas ("Atlas") and Adorno & Yoss perpetrated a fraud on this Court. . . ." (Reply, DE 188, p. 1.) Defendants allege that Fareri should be sanctioned for his purported involvement in the Harary/Zemsky fraudulent scheme that

formed the basis of the Securities and Exchange Corporation ("SEC") enforcement action and the criminal indictments against Zemsky and Harary. (Motion for Sanctions, DE 171, p. 9-17.) While the Court has found that Zemsky and Harary participated in a fraud upon the Court, the extent of Fareri's involvement and his knowledge of the fraud are gleaned only circumstantially at this time. Much depends on the credibility of Harary and Zemsky. (See Order Granting in Part Motions to Dismiss and for Sanctions, Case No. 05-61679, Pafumi, et al. v. Davidson,et al, DE 266.) Even though Fareri is not named in the SEC Enforcement action, the action refers to a Florida stockbroker and the initials "AF" are used in the criminal actions against Harary and Zemsky. As far as the Court is aware, Fareri has not been criminally indicted. Defendants argue that the Court can determine, based upon circumstantial evidence, that Fareri participated in the fraud because without Fareri the Harary/Zemsky conspiracy falls apart. (Reply, DE 188, p. 3.) This may be true, however, the Court is concerned that the evidence against Fareri is not fully developed. At this time, the Court lacks sufficient evidence to support a finding of sanctionable conduct on the part of Fareri.

## 2. The Law Firms

The Court finds that Attorney Atlas and Adorno & Yoss ("Adorno") did not knowingly or recklessly pursue a frivolous claim or engage in litigation tactics that needlessly obstructed the litigation of non-frivolous claims. Nor did they act in bad faith, vexatiously, wantonly, or for oppressive reasons.

Here, even if Fareri were involved in the Harary/Zemsky conspiracy, the criminal

actions against Harary and Zemsky were not made public until September 24, 2007. (Motion for Sanctions, DE 171, p. 11.) It was on September 24, 2007, that the SEC announced its settlement of the enforcement action against Harary and Zemsky. (Id. at 9.) Almost a year earlier, on November 14, 2006, the Court had granted Adorno's Motion to Withdraw. (Civil Minutes, DE 124.) There is no evidence that the attorneys for Plaintiffs had knowledge of any of the alleged fraudulent activities before September 24, 2007 or at any time participated in any sanctionable conduct.

### B. Sanctions Pursuant to the PSLRA

The central purpose of the PSLRA is to prevent "frivolous lawsuits initiated to intimidate defendants and force them into a quick settlement." Smith v. Smith, 184 F.R.D. 420, 423 (S.D. Fla. 1998); see also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit, 547 U.S. 71, 81 (2006). The PSLRA requires courts, upon final adjudication of a private securities action, to evaluate all complaints, responsive pleadings and dispositive motions to determine whether they violate Rule 11(b). It does not alter the standards for finding a Rule 11 violation, but functions solely to require courts to conduct a Rule 11 evaluation after entering final judgment in a claim for securities fraud and to impose sanctions when a violation is found. Simon DeBartolo Group, L.P. v. Richard E. Jacobs Group, Inc., 186 F.3d 157, 166 (2d Cir. 1999). Regardless, "sanctions are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel." Hartmarx Corp. v. Abboud, 326 F.3d 862, 867 (7th Cir. 2003) (internal citations

omitted).

> Rule 11(b) provides:
>
> By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

As the 1993 Advisory Committee Note to Rule 11(b)(2) explains, the rule "'establishes an objective standard, intended to eliminate any 'empty-head pure-heart' justification for patently frivolous arguments.'" See Simon DeBartolo, 186 F.3d at 166 (quoting Advisory Committee Notes). While frivolous claims should be sanctioned, claims alleging innovative interpretations of the law do not warrant sanctions. Id. In making this determination, "'the extent to which a litigant has researched the issues and found some support for its theories even in minority opinions, in law review articles, or through consultation with other attorneys should certainly be taken into account in determining whether paragraph (2) has been violated.'" Simon DeBartolo, 186 F.3d at

166 (quoting Advisory Committee Notes). Arguments for a change of law, even if not specifically identified, should be viewed with tolerance. Id.

If a court determines that Rule 11(b) has been violated, the PSLRA requires the district court to impose appropriate sanctions. Id. It is presumed that where a responsive pleading or dispositive motion fails to comply with the requirements of Rule 11(b), the appropriate sanctions to be imposed depend upon the severity of the violation. Adams v. IntraLinks, Inc., Case No. 03 Civ 5384, 2005 WL 1863829, at *3 (S.D.N.Y. Aug. 5, 2005). If the violation is "substantial," the court should award attorneys' fees and costs incurred by the opposing party in the entire action. 15 U.S.C. § 78u-4(c)(3)(A)(ii).

The party upon whom sanctions are to be imposed can rebut the presumption regarding payment of fees and costs by showing either that: 1) the award of fees would be unjust or impose an unreasonable burden on the party and failure to award sanctions would not impose an even greater burden on the opposing party; or 2) the Rule 11 violation was *de minimis*. If it is determined that a party violated Rule 11(b)(2) and that sanctions should be imposed, monetary sanctions should be awarded against counsel and not the represented party because "'monetary responsibility for such violations is more properly placed solely on the party's attorneys.'" Simon DeBartolo, 186 F.3d at 166 (quoting Advisory Committee Notes). Unlike a R. 11(b)(2) violation, a violation of 11(b)(1) for bringing a complaint for an improper purpose would warrant the imposition of sanctions on counsel and the party. Simon De Bartolo, 186 F.3d at 176 -

177.

After a hearing on the matter, the Court previously denied the PSLRA Motions as premature. The Court now considers the original PSLRA Motions and the supplemental information provided in the Motion for Sanctions.

### 1. The Law Firms

The original PSLRA Motions allege that Attorney Atlas, Adorno, ignored well-settled procedural and substantive law resulting in the filing of a patently frivolous lawsuit. Defendants argue that they were required to expend unnecessary time and money defending an action that fell woefully short of stating a valid claim. Defendants also moved for sanctions pursuant to Federal Rule of Civil Procedure 11 for the Motion for Reconsideration.

"Sanctions should only be imposed where it is patently clear that a claim has absolutely no chance of success." Adams, 2005 WL 1863829, at *3 (internal quotation omitted). Here, the Complaint and Motion for Reconsideration did succeed in part. Indeed, the arguments made in the Motion for Reconsideration and during the hearing led the Court to grant in part Plaintiffs' Motion for Reconsideration. Additionally, counsel's arguments regarding standing and the application of Merrill Lynch, Pierce, Feener & Smith, Inc. v. Dabit, 126 S.Ct. 1503 (2006) added credence to Plaintiffs' contention that the instant action raised non- frivolous arguments for an extension or modification of securities law. The law is often subject to differing interpretations and Plaintiffs' counsel should not be sanctioned merely because this Court did not choose

to adopt their proffered interpretation of securities law. The Complaint and Motion for Reconsideration were not presented for any improper purpose and the legal contentions were warranted by a non-frivolous argument for extending the law. See Fed.R.Civ.P. 11(b).

There is no evidence that Adorno or Attorney Atlas intentionally overlooked the stringent pleading requirements in the filing of the Complaint or the Motion for Reconsideration. Furthermore, the implications of the criminal actions and the SEC Enforcement Action did not become public until September 24, 2007, long after Adorno withdrew as counsel. For the foregoing reasons, and in light of the arguable claims for relief, the Court finds that the imposition of sanctions against Adorno and Attorney Atlas as requested in the original PSLRA Motions and the present Motion for Sanctions are not warranted.

### 2. Plaintiffs and Non-Party Anthony Fareri

Defendants do not seek sanctions against Plaintiffs, but rather, Fareri. (Centuria Defendants' PSLRA Motion, DE 96, p. 2.) However, Defendants provide no case law for sanctioning a non-party pursuant to the PSLRA, nor has the Court found any. Indeed, as the Centuria Defendants pointed out, "Federal Rule of Civil Procedure 11 provides that the court's authority to impose sanctions is limited only to attorneys, parties, and signators who violate Rule 11." (Supplemental Brief, DE 125, p. 2.) Therefore, the Court declines to sanction Fareri pursuant to the PSLRA.

### III. CONCLUSION

Based upon the forgoing it is **ORDERED AND ADJUDGED** as follows:

1. Bruce M. Lawlor and Centuria Corporation's Motion to Reopen March 14, 2007 Final Order of Dismissal, For Sanctions Against Anthony Fareri for Committing Fraud Upon the Court and For Entry of an Order to Show Cause directed to Jan Douglas Atlas, Esq. and Adorno and Yoss [171] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that the Court considered the Motion as a supplement to the prior PSLRA Motions and required a response by Anthony Fareri. The Motion is denied on its merits and no sanctions are imposed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 13th day of April, 2009.

_____
JAMES I. COHN
United States District Court

Copies to provided to:
All counsel of record on CM\ECF
*Pro se* parties.